United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 06-02346 CRB

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Since December of 2005, E.K. Wade has filed twenty-four lawsuits in the Northern District of California.[1] Eight of these lawsuits relate to problems he has experienced at

---

[1] See Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-4905-CRB (N.D. Cal. filed Aug. 15, 2006); Wade v. Chao, No. 06-cv-4829-MJJ (N.D. Cal. filed Aug. 10, 2006); Wade v. United States, No. 06-cv-4828-CRB (N.D. Cal. filed Aug. 10, 2006); Wade v. Am. Fed. of Gov't Employees, No. 06-cv-4751-MEJ (N.D. Cal. filed Aug. 7, 2006); Wade v. United States, No. 06-cv-4726-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. Chao, No. 06-cv-4725-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. United States, No. 06-cv-4704-WHA (N.D. Cal. filed Aug. 3, 2006); Wade v. United States, No. 06-cv-4593-CRB (N.D. Cal. filed July 28, 2006); Wade v. Lockyer, No. 06-cv-4431-MHP (N.D. Cal. filed July 20, 2006); Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-2925-CRB (N.D. Cal. filed May 1, 2006); Wade v. Chao, No. 06-cv-2610-MJJ (N.D. Cal. filed Apr. 18, 2006); Wade v. Soc. Sec. Admin., No. 06-cv-2596-SBA (N.D. Cal. filed Apr. 17, 2006); Wade v. Chao, No. 06-cv-2592-MJJ (N.D. Cal. filed Apr. 17, 2006); Wade v. United States, No. 06-cv-2346-CRB (N.D. Cal. filed Apr. 4, 2006); Wade v. Chao, No. 06-cv-2209-MJJ (N.D. Cal. filed Mar. 28, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-1963-CRB (N.D. Cal. filed Mar. 15, 2006); Wade v. Chao, No. 06-cv-0710-MJJ (N.D. Cal. filed Feb. 1, 2006); Wade v. Chao, No. 06-cv-0693-MJJ (N.D. Cal. filed Jan. 31, 2006); Wade v. Gonzales, No. 06-cv-0399-PJH (N.D. Cal. filed Jan. 20, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 05-cv-5361-CRB (N.D. Cal. filed Dec. 27, 2005); Wade v. Chao, No. 05-cv-5087-MJJ

Veterans Administration hospitals in Martinez and Walnut Creek, California. In some of these lawsuits, Wade asserted claims based on an incident in December of 2005 when the VA hospital in Walnut Creek refused to fill a prescription of Prednisone for him. See Wade v. United States, No. 06-cv-4593-CRB (Complaint) (N.D. Cal. July 28, 2006). In this lawsuit, he asserts claims based on the fact that a physician's assistant *gave* him that very same drug in May of 2005. He claims that the physician's assistant acted negligently, thereby causing him to experience internal bleeding and require a blood transfusion.

The government filed its motion for summary judgment on May 25, 2007. Wade then sought additional time file his reply so that he could obtain the services of an expert witness. Several weeks later, Wade then requested this Court to appoint an expert witness -- a request that the Court denied. To date, Wade has filed no opposition to the government's motion. For the reasons set forth below, the motion for summary judgment is hereby GRANTED.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

A principal purpose of the summary judgment procedure "is to isolate and dispose of factually unsupported claims." See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

---

(N.D. Cal. filed Dec. 9, 2005); Wade v. Soc. Sec. Admin., No. 05-cv-5086-SBA (N.D. Cal. filed Dec. 9, 2005); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 05-cv-4960-CRB (N.D. Cal. filed Dec. 1, 2005).

1  A party moving for summary judgment that does not have the ultimate burden of persuasion
2  at trial has the initial burden of either producing evidence that negates an essential element of
3  the non-moving party's claims or showing that the non-moving party does not have enough
4  evidence of an essential element to carry its ultimate burden of persuasion at trial.  See
5  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  Where the
6  party moving for summary judgment would bear the burden of proof at trial, it bears the
7  initial burden of producing evidence which would entitle it to a directed verdict if the
8  evidence went uncontroverted at trial.  See C.A.R. Transp. Brokerage Co. v. Darden Rests.,
9  Inc., 213 F.3d 474, 480 (9th Cir. 2000).

10  If the moving party does not satisfy its initial burden, the non-moving party has no
11  obligation to produce anything and summary judgment must be denied.  If, however, the
12  moving party satisfies its initial burden of production, then the non-moving party may not
13  rest upon mere allegations, or denials of the adverse party's evidence, but instead must
14  produce admissible evidence to show there exists a genuine issue of material fact.  See
15  Nissan Fire & Marine, 210 F.3d at 1102.

## DISCUSSION

17  Here, Plaintiff asserts causes of action for (1) negligence and (2) intentional infliction
18  of emotional distress.  As to both claims, the government has put forward evidence that
19  "negates an essential element of [Wade's] claims," both of which require Wade to
20  demonstrate the physician's assistant breached the standard of medical care in providing him
21  with a prescription for Prednisone.  Id. at 1102.  See also Hanson v. Grode, 76 Cal. App. 4th
22  601, 606 (1999) (elements for medical malpractice); Burgess v. Super. Ct., 2 Cal. 4th 1064,
23  1072 (1992) (elements for claims of infliction of emotional distress).

24  The evidence presented by the government establishes that the physician's assistant
25  acted in accord with the applicable standard of care when he prescribed Prednisone to Wade.
26  See, e.g., Ma Decl. ¶¶ 4-11; Merrigan Decl. ¶ 4; Albertson Decl. ¶¶ 3–7.  As the
27  government's experts observe, Wade had received previous prescriptions for Prednisone
28  without incident, and has received several prescriptions of the drug since the incident of

3

internal bleeding. At no point in time prior to his visit to the emergency room on May 17, 2005, did Wade give medical personnel any reason to suspect that Prednisone was the source of any medical problem for him. Further, there is little about the side-effects or risks of Prednisone that would have suggested to the physician's assistant that the drug would have caused medical complications for Wade -- assuming for purposes of this motion that it did. For all of these reasons, the government, as the party without the ultimate burden of proof at trial, has come forward with sufficient evidence to negate an essential element of each of the claims asserted by Wade.

That evidence has gone unrebutted. Indeed, Wade has failed to produce any evidence at all, much less evidence from necessary sources, such as an expert witness, to establish a genuine issue of material fact. Kelley v. Trunk, 66 Cal. App. 4th 519, 523 (1998) ("In professional malpractice cases, expert opinion testimony is required to prove or disprove that the defendant performed in accordance with the prevailing standard of care."). Accordingly, Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: August 24, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE