IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERCIA,<br><br>　　　　Defendant. | Case No. 06-cv-02346-CRB<br><br>**ORDER DENYING AMENDED MOTION TO REOPEN** |

　　　　In 2005 and 2006, Plaintiff E.K. Wade filed twenty-four lawsuits in the Northern District of California, eight of which related to problems he experienced at Veterans Administration hospitals. See Order Granting Mot. for SJ (dkt. 82) at 1–2. In some of the lawsuits, Wade asserted claims based on a VA hospital's refusal to fill his prescription for Prednisone. Id. at 2. In this lawsuit, by contrast, he asserted claims based on an allegedly negligent decision to give him Prednisone. Id. On August 24, 2007, the Court granted the government's motion for summary judgment after Wade failed to file any opposition. See id.

　　　　Now, over thirteen years later, Wade has moved to reopen this case and vacate the judgment against him. See Amend. Mot. to Reopen (dkt. 87). He argues that the Court lacked subject matter jurisdiction and denied him due process, and that (alternatively) the interests of justice require the Court to reopen the case. Id. at 5. Wade's arguments appear to be primarily aimed at a prefiling order entered in this case on December 14, 2006. See Prefiling Order (dkt. 55). Wade also appears to contest a similar prefiling order entered by Judge Alsup in a different action. See Amend. Mot. to Reopen at 7; see Wade v. Gilliland et al, No. 10-cv-00425-WHA Dkt. Nos. 100, 168.

Rule 60(b) of the Federal Rules of Civil Procedure enumerates grounds for relief from a final judgment. These grounds include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Even if a party can present grounds for relief under Rule 60(b), the party must do so "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A motion relying on the first three grounds must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Id.

Here, to the extent Wade's motion might rest on the first three grounds, it is time-barred under Rule 60(c)(1)'s one-year deadline. And to the extent Wade suggests that the Court's judgment and prefiling order are void, or that other reasons justify relief, he has not moved for that relief "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). Wade offers no explanation for his more than thirteen-year delay in filing the motion to reopen.[1]

Wade's apparent challenge to a separate, decade-old order also must fail, even leaving aside any timing issues. See generally Amend. Mot. to Reopen at 7; Wade v. Gilliland et al, No. 10-cv-00425-WHA Dkt. No. 100. That order was not issued in this case or even by the undersigned judge. Neither Rule 60 nor any other authority permits a

---

[1] Had Wade timely moved for this relief, the Court would nonetheless deny Wade's motion. Wade provides no reason to conclude that the judgment was void or that the interests of justice require reopening this case. As Judge Alsup has already concluded with respect to similar arguments, the prefiling order was valid. See Wade v. Gilliland et al, No. 10-cv-00425-WHA Dkt. No. 141 (N.D. Cal. March 27, 2019), affirmed Wade v. Gilliland, 812 F. App'x 624 (9th Cir. 2020). Wade's history as a vexatious litigant is well-documented, and Wade had ample opportunity to challenge the order before this Court and on appeal.

United States District Court
Northern District of California

party to challenge an order in one case by moving to reopen another case.

For the foregoing reasons, Wade's motion to reopen is denied.

**IT IS SO ORDERED.**

Dated: March 19, 2021



_____
CHARLES R. BREYER
United States District Judge